IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CATHERINE D. RANDOLPH               * | |
|           Plaintiff, | |
| v.                                    * | CIVIL ACTION NO. JFM-10-284 |
| CLIFTON T. PERKINS HOSPITAL     * | |
|           Defendant. | |
|                                            *** | |

MEMORANDUM

The above-captioned letter complaint for judicial release and $3,000,000,000.00 in damages was received for filing on Febraury 3, 2010. The complaint raises general claims of lost wages, invasion of privacy, medical negligence and mental abuse, and loss of property related to Catherine D. Randolph's arrest, competency hearings, and continuing detention at the Clifton T. Perkins State Hospital Center ("Perkins"). Construing the *pro se* filing in a generous manner, it appears that plaintiff is alleging that the process associated with her criminal case violated due process; she was incorrectly found incompetent to stand trial; and she did not commit the criminal offenses at issue. For reasons to follow the complaint shall be dismissed without prejudice.

In *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 (D. Md.), plaintiff filed a petition for habeas corpus relief which challenged her criminal case process, competency hearings, and continued detention at Perkins. After full briefing, the court dismissed the petition without prejudice. The following facts were established. On January 17, 2006, plaintiff was charged in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations. On March 17, 2008, Judge Gale E. Rasin ordered a pre-trial competency evaluation. Plaintiff was admitted to Perkins for a competency evaluation on June 2, 2008. Plaintiff, however, refused to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any

criminal acts.  On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin that plaintiff was incompetent to stand trial, a danger to herself and others due to a mental disorder, and in need of continuing inpatient treatment.  On July 25, 2008, the Circuit Court for Baltimore City found plaintiff incompetent to stand trial and dangerous because of her mental disorder.  She was committed to the Department of Health and Mental Hygiene ("DHMH").[1]

To the extent plaintiff seeks damages for alleged civil rights violations associated with her arrest, hearings, and detention, she is estopped from so doing.  A civil rights damage claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's state criminal proceedings have been declared invalid by a tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff cannot make such a showing.

Further, to the extent plaintiff seeks federal habeas corpus relief, she must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999).  It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

---

[1]     The record in *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 also showed that on January 22, 2009, the Perkins Clinical Director and Director of Pre-Trial Services forwarded a semi-annual report to the Circuit Court as required under Maryland law.  The report found that plaintiff remained incompetent to stand trial and dangerous because of her mental disorder.  Plaintiff remains committed to the DHMH.  Her annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(c)(l)(i) last occurred on July 25, 2009, and she was again found incompetent to stand trial.  *See ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.*

There is no record that plaintiff has exhausted her state court remedies by judicially challenging the competency hearing findings which have committed her to the DHMH. Therefore, any "habeas" challenge to her continued detention. A separate Order follows dismissing this case without prejudice.[2]

Date: February 19, 2010                    /s/
                                                    J. Frederick Motz
                                                    United States District Judge

---

[2] Plaintiff requests that her state court proceeding be removed to this court pursuant to 28 U.S.C. § 1441. Plaintiff's criminal proceedings originated in 2006. Therefore, she may not seek to remove her criminal case to this court more than four years after her arraignment. *See* 28 U.S.C. § 1446(c)(1).